[Docket. No. 27]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| DANDREA PRODUCE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SAFEWAY FRESH FOODS, LLC d/b/a SUNNYSIDE FARMS, SALVATORE F. TEDESCO JR., FANK S. TEDESCO, KERRY E. TEDESCO, VIVIANNA TEDESCO, SAFEWAY DISTRIBUTORS, LLC, SAFEST-WAY LABOR FORCE, LLC, SAFEWAY STORAGE REAL ESTATE, LLC, SFT INVESTMENTS, LLC, FASST FARMS, LLC, and FARM CREDIT EAST, ACA, <br><br> Defendants. | Civ. No. 25-09859 (RMB-SAK) <br><br> **OPINION** |

**RENÉE MARIE BUMB, Chief United States District Judge:**

**THIS MATTER** comes before the Court upon a Motion to Set Aside a Default entered against Defendants Salvatore F. Tedesco, Jr., Frank S. Tedesco, Safeway Fresh Foods, LLC, d/b/a Sunnyside Farms, and Safest-Way Labor Force, LLC ("Defendants"). [*See* Docket No. 27.] Defendants were served on June 13, 2025, and their responsive pleadings were due July 7, 2025. [Docket Nos. 9-12.] Defendants failed to timely respond. On July 16, 2025, Plaintiff requested that default be entered

against the Defendants, attesting that Defendants had "failed to plead **or otherwise defend,**" which the Clerk of the Court entered the same day. [Docket Nos. 13-16.]

On September 9, 2025, Defendants moved to set aside the Clerk's entries of default. [Docket No. 27.] As part of the motion, Defendants submitted a certification from counsel setting forth communications between counsel regarding an extension of Defendants' time to respond to the Complaint. [Docket No. 29.] Based upon this submission, clearly the parties had ongoing discussions in July 2025 – beginning prior to the deadline to respond – regarding Defendants' efforts to procure local New Jersey counsel to enable Defendants to answer. [Docket No. 29-1.] It appears that Plaintiff's counsel verbally agreed to an extension through July 14, 2025, which he later reneged on. [*Id.* at 4–7.] On July 15, defense counsel emailed Plaintiff's counsel about her ongoing efforts to obtain a New Jersey attorney to file the waivers of service on behalf of her clients. [*Id.* at 3.] Rather than continuing to work in good faith with his adversary, Plaintiff's counsel filed the requests for entry of default the very next day. [Docket Nos. 9-12.] In his pleadings, Plaintiff stated that Defendants had "failed to . . . otherwise defend." [*See* Docket No. 9-1, 10-1, 11-1, 12-1.]

Given this history, unless the Court is missing something, Plaintiff's request for default implies bad faith and gamesmanship. Abruptly terminating discussions regarding an extension and instead opting to seek default against Defendants strikes the Court as patently unfair. The Court sees no reason why default is proper against a party who has in fact participated in the litigation – evidenced by the conversations between counsel regarding an answer deadline appended to Defendants' counsel's

2

certification and Defendants' motion, which clearly show their intent to defend against Plaintiff's claims. [Docket Nos. 27, 29.] Plaintiff's statements otherwise appear to be an attempt to mislead the Court. The Court harbors concerns about Plaintiff's counsel's regrettable lack of courtesy to his adversary and, even more so, his apparent lack of candor to the Court regarding his adversary's participation in the litigation and intent to defend. The District of New Jersey expects that counsel will abide by these noble principles.

    For these reasons, Defendants' Motion is granted and Plaintiff shall show cause why the Court should not impose sanctions for Plaintiff's conduct. Should the Court find that Plaintiff did not have a good faith basis for requesting entries of default against Defendants or neglected its duty of candor to the Court, this Court will impose sanctions. An accompanying order shall issue on this date.

**s/ Renée Marie Bumb**
RENÉE MARIE BUMB
Chief United States District Judge

DATED: <u>September 11, 2025</u>